Case 4:22-cv-00862-SDJ-CAN   Document 4   Filed 10/07/22   Page 1 of 7 PageID #: 43

Filed: 9/6/2022 1:37 AM
Cheryl Fulcher
District Clerk
Hopkins County, Texas
Makayla Holt

CAUSE NO. CV45134 _____

| | | |
|---|---|---|
| CORY ANDERS, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| V. | § | |
| | § | HOPKINS COUNTY, TEXAS |
| GRIND TRUCKING, LLC, PENSKE | § | |
| TRUCK LEASING CO., L.P., and | § | |
| GREGORY GEORGE HILLS, | § | |
| *Defendants*. | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, TRE 609(F) NOTICE,
AND RULE 193.7 NOTICE**

Cory Anders, Plaintiff in the above-styled and numbered cause of action, brings this lawsuit against Defendants, Grind Trucking, LLC, Penske Truck Leasing Co., L.P. and Gregory George Hills, and in support thereof would show unto this Honorable Court the following:

DISCOVERY CONTROL PLAN

1. Pursuant to Texas Rule of Civil Procedure 190.4 the discovery of this case is to be conducted under a Level 3 Discovery Control Plan to be agreed upon by the parties.

PARTIES

2. Cory Anders is a resident citizen of Houston, Harris County, Texas. Pursuant to Texas Civil Practice & Remedies Code § 30.014, the Court and parties are hereby advised that the last three numbers of his driver license are XXXXX458 and the last three numbers of his social security number are XXX-XX-X592.

3. Gregory George Hills is an individual resident of the State of Georgia who may be served with process at his place of residence, **722 Sandy Circle, Woodstock, Georgia 30188-6849**, or any other place where it may be found.

1

4. Grind Trucking, LLC is a Maryland limited liability corporation that does a substantial amount of business in the State of Texas and, pursuant to the Texas Business Organizations Code Sec. 5.201, may be served with process by any method allowed by TRCP 106, including delivering, in person, or mailing by registered or certified mail, return receipt requested, a true copy of the citation and petition to its registered agent, **Business Filings International Incorporated, 351 West Camden St., Baltimore, Maryland 21201**, and/or its president at its principal office, **4611 Asbury Ave., Baltimore, Maryland 21206**.

5. Penske Truck Leasing Co., L.P. is a Delaware limited partnership that does a substantial amount of business in the State of Texas and, pursuant to the Texas Business Organizations Code Sec. 5.201, may be served with process by any method allowed by TRCP 106, including delivering, in person, or mailing by registered or certified mail, return receipt requested, a true copy of the citation and petition to its registered agent, **Corporation Service Company d/b/a CSC-Lawyers Inc., 211 East 7th St. Suite 620, Austin, Texas 78701**, and/or its president at its principal office, **2675 Morgantown Rd., Reading, Pennsylvania 19607**.

MISNOMER, ALTER EGO, AND TRCP RULE 28 REQUEST

6. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

7. To the extent that any Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff demands that, upon answer to this petition, that Defendants answer in its correct legal and assumed name.

## JURISDICTION and VENUE

8. This Court has jurisdiction in this cause since the damages to Plaintiff are within the jurisdictional limits of this Court.

9. All or a substantial part of the events or omissions giving rise to the claim occurred in Hopkins County, Texas. Therefore, venue is proper pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code.

10. Additionally, the facts show that the convenience of the parties and the witnesses and the interest of justice would be best served in Hopkins County, Texas and venue is permitted in this county pursuant to §15.002(a)(4) of the Texas Civil Practice & Remedies Code.

11. All conditions precedent have occurred, been performed, or been waived.

12. Nothing Plaintiff did caused or contributed to this occurrence.

## FACTS

13. On or about June 9, 2022, Defendant Gregory George Hills was operating a tractor-trailer in Sulphur Springs, Hopkins County, Texas. At all times relevant to this lawsuit, Defendant Hills was in the course and scope of his employment with Defendants Grind Trucking and Penske Truck Leasing.

14. Defendant Hills was attempting to exit a private drive and turn north onto Hillcrest Drive at the 1200 block.

15. At the same time, Plaintiff's father, Robert Anders, was driving southbound at the 1200 block of Hillcrest Drive in the inside lane.

16. As Plaintiff's father approached the private drive, Defendant Hills exited the private drive and crossed the southbound lanes of Hillcrest Drive with his tractor-trailer directly in front Plaintiff's father's vehicle.

17. Defendant Hills' failure to yield the right of way caused Plaintiff's father's vehicle to strike the trailer near the back axle of the trailer, resulting in a violent collision which caused the death of Plaintiff's father.

### CAUSE OF ACTION AGAINST DEFENDANT GREGORY GEORGE HILLS

18. The incident made the basis of this lawsuit resulted from the improper conduct of Defendant Hills, which constitutes negligence as that term is understood in law and was a proximate cause of the occurrence and injuries and damages to Plaintiff. This Defendant's negligent actions or omissions included, but are not limited to, one or more of the following non-exclusive particulars:

   a. failing to yield the right-of-way while exiting a private drive;
   b. failing to keep a proper lookout;
   c. failing to take evasive action before the crash occurred;
   d. driving while fatigued;
   e. driving while distracted; and/or,
   f. failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance.

One, some, or all of the foregoing acts and/or omissions or others on the part of this Defendant constituted negligence and such negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

### CAUSE OF ACTION AGAINST DEFENDANT GRIND TRUCKING, LLC AND PENSKE TRUCK LEASE CO., L.P.

19. At all times material to this lawsuit, Defendant Hills was an employee of these Defendants and was acting within the course and scope of his employment with these Defendants. Consequently, both Defendants are vicariously liable to Plaintiff for the negligent conduct of Defendant Hills under the theory of *respondeat superior.*

20. The independent conduct of these Defendants constitutes negligence as that term is known in law. Such negligent acts or omission include, but are not limited to the following:

    a. hiring and/or retaining Defendant Hills whom it knew or should have known was a reckless or incompetent driver;

    b. entrusting a vehicle to Defendant Hills whom it knew or should have known was reckless or incompetent driver;

    c. failing to provide adequate maintenance on the tractor-trailer;

    d. failing to properly train Defendant Hills in the safe motor vehicle operation; and,

    e. failing to properly supervise Defendant Hills's driving activities.

One, some, or all of the foregoing acts and/or omissions or others on the part of these Defendants constituted negligence and such negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## DAMAGES

21. As a result of the Crash and the death of his father, Robert Wayne Anders, and pursuant to common law as well as the Texas Wrongful Death Act, Cory Anders suffered damages in the form or past and future:

    a. Pecuniary loss;
    b. Loss of companionship and society;
    c. Loss of inheritance; and
    d. Mental anguish.

22. The damages sought herein are within the jurisdictional limits of the court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.

23. Plaintiff seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and demands judgment for all other relief, both in law and in equity, to which Plaintiff may be entitled.

## RULE 193.7 NOTICE OF INTENT TO USE DOCUMENTS

24. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## TRE 609(F) NOTICE

25. You are hereby on notice that, pursuant to the Texas Rules of Evidence 609(f), Plaintiff intends to use any documents produced in relation to Defendants' criminal convictions as evidence at the time of trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that each Defendant be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recover damages in accordance with the evidence, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PERDUE & KIDD**

By: /s/ Donald H. Kidd
Donald H. Kidd
State Bar No.  11383100
Adam J. Blake
State Bar No.  24101521
777 Post Oak Blvd., Suite 450
Houston, Texas 77056
Tel: (713) 520-2500
Fax: (713) 520-2525
Email: dkidd@perdueandkidd.com

ablake@perdueandkidd.com
eservice@perdueandkidd.com

**ATTORNEYS FOR PLAINTIFF**