IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CORY ANDERS, | § | |
|     *Plaintiff*, | § | CIVIL ACTION NO. 4:22-cv-00862-SDJ |
| | § | |
| | § | |
| | § | |
| VS. | § | Jury Requested |
| | § | |
| GRIND TRUCKING, LLC, PENSKE | § | |
| TRUCK LEASING CO., L.P., AND | § | |
| GREGORY GEORGE HILLS | § | |
|     *Defendants*. | § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Cory Anders complains of Defendants, Grind Trucking, LLC, Penske Truck Leasing Co., L.P. and Gregory George Hills, for causes of action as respectfully shown to the Court as follows:

PARTIES

1.  Plaintiff Cory Anders is an individual resident citizen of Houston, Harris County, Texas.

2.  Grind Trucking, LLC ("Grind") is a Maryland limited liability corporation that has appeared herein for all purposes. Grind represents that its corporate office and principal place of business in Baltimore, Maryland and that its only member is Michael Horsey, who is an individual domiciled in the State of Maryland. [See Doc. 9]

3.  Defendant, Penske Truck Leasing Co., L.P. ("Penske") is a Delaware limited partnership, with its principal place of business in Reading, Pennsylvania. Penske's partners are Penske Corporation, Penske Automotive Group, Inc., and Mitsui & Co. Penske represents that:

   a. Penske Corporation is a Delaware Corporation, with its corporate office and principal place of business in Bloomfield Township, Michigan.

   b. Penske Automotive Group, Inc. is a Delaware Corporation, with its corporate office and principal place of business in Bloomfield Hills, Michigan.

   c. Mitsui & Co. is a foreign corporation created under the laws of Japan, with its corporate office and principal place of business in Tokyo, Japan.

4. Gregory George Hills is an individual resident of the State of Georgia who has not yet appeared in this cause. Plaintiff will request that Defendant Hill waive service pursuant to FRCP 4(d). Failing that waiver, Defendant Hill may be served with process at his place of residence, **722 Sandy Circle, Woodstock, Georgia 30188-6849**, or any other place where it may be found.

## MISNOMER, ALTER EGO, AND TRCP RULE 28 REQUEST

5. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

6. To the extent that any Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff demands that, upon answer to this petition, that Defendants answer in its correct legal and assumed name.

## JURISDICTION and VENUE

7. This Court has jurisdiction in this cause pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a Texas citizen, Defendant Grind is a Maryland limited liability corporation with is sole

member being a Maryland citizen, Defendant Penske is a Delaware limited partnership with its members being citizens of Michigan and Japan, and Defendant Hills is a Georgia citizen. Therefore, there is complete diversity of citizenship of plaintiff and defendants.

8. Venue is proper in the United States District Court for the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Sulphur Springs, Hopkins County Texas, which is in said District and Division.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because amount in controversy exceeds $75,000.

## FACTS

10. On or about June 9, 2022, Defendant Gregory George Hills was operating an 18-wheel tractor-trailer in Sulphur Springs, Hopkins County, Texas.

11. At all times relevant to this lawsuit, Defendant Hills was in the course and scope of his employment with Defendant Grind.

12. At all times relevant to this lawsuit, Defendant Hills was in the course and scope of his employment with Defendant Penske.

13. Defendant Grind provided some training to Defendant Hill regarding safe driving, including avoiding intersectional collisions.

14. Defendant Penske provided some training to Defendant Hill regarding safe driving, including avoiding intersectional collisions.

15. Defendant Grind supervised Defendant Hill's driving.

16. Defendant Penske supervised Defendant Hill's driving.

17. At approximately 1:09 p.m., Defendant Hills was eastbound on a two lane a private drive approaching the 1200 block of Hillcrest Drive.

18. Defendant Hills was driving a tractor/trailer owned or leased by Defendant Grind and/or Defendant Penske.

19. Hillcrest Drive in the area of where the private drive Defendant Hills was on is a six-lane roadway with two northbound lanes, two southbound lanes, a center turn lane, and a southbound right turn lane dedicated to the private drive Defendant Hills was exiting.

20. The eastbound lane on private drive at the intersection with Hillcrest Drive is controlled by a stop sign.

21. There was no official traffic-control device for southbound traffic on Hillcrest Drive at the intersection with the private drive Defendant Hills was on.

22. The speed limit for southbound traffic on Hillcrest Drive was 60 m.p.h.

23. Defendant Hills turned left from the private drive and intended to head northbound on Hillcrest Drive.

24. At the same time Defendant Hills was exiting the private drive, Robert Wayne Anders, was driving his Chevrolet pickup truck southbound in the inside lane at the 1200 block of Hillcrest Drive.

25. As Mr. Anders approached the intersection with the private drive, Defendant Hills exited the private drive and began to cross the southbound lanes of Hillcrest Drive and turn into the center turn lane.

26. Defendant Hills knew or should have known that there was southbound vehicular traffic on Hillcrest Drive when he decided to exit the private drive.

27. Defendant Hills knew or should have known that the southbound traffic on Hillcrest Drive had the right-of-way.

28. Defendant Hills knew or should have known that he would not be able to completely negotiate his turn without interfering with traffic on Hillcrest Drive.

29. Defendant Hills owed a duty to Mr. Anders to yield the right of way to him.

30. Defendant Hills was unable to clear his tractor trailer through the intersection before Mr. Anders' pickup truck collided with the axel of his trailer.

31. Mr. Anders was seriously injured in the crash.

32. Defendant Hill was not injured in the crash.

33. Mr. Anders was trapped in his pickup truck following the crash.

34. Mr. Anders was trapped in his pickup truck for at least 20 minutes before he was extricated by the first responders.

35. First responders had to cut the roof off of Mr. Anders' pickup truck to extricate him from the wreckage.

36. First responders took Mr. Anders Christus Mother of Frances Hospital by ambulance.

37. Mr. Anders remained in the hospital until he died on June 13, 2022, as a result of the injuries he suffered in the crash.

38. Mr. Anders was born on August 26, 1952.

39. 69 years old when he died.

40. Plaintiff Cory Wayne Anders is Mr. Anders only child.

41. Plaintiff Cory Wayne Anders is Mr. Anders only heir.

42. Mr. Anders was not married at the time of the crash.

43. Mr. Anders was not married at the time of his death.

44. Defendant Hills was employed by Defendant

CAUSE OF ACTION – NEGLIGENCE OF DEFENDANT GREGORY GEORGE HILLS

45. Plaintiff incorporates herein by reference for this cause of action paragraphs 10 through 44.

46. Defendant Hills owed a legal duty to exercise reasonable care in the operation of his tractor-trailer.

47. Defendant Hills failed to yield the right-of-way to Mr. Anders while he exited a private drive onto Hillcrest Drive.

48. Defendant Hills failed to keep a proper lookout for vehicular traffic on Hillcrest Drive before exiting the private drive.

49. Defendant Hills failed to ensure that he could negotiate his turn onto Hillcrest Drive without interfering with Mr. Anders' pickup truck.

50. Defendant Hills entered the intersection with Hillcrest Drive when it was unsafe to do so.

51. Defendant Hills was unfamiliar with the roadway where the crash occurred.

52. Defendant Hills was distracted from his driving by a cell phone or other device inside the cab of his vehicle.

53. Defendant Hills failed to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance.

54. Defendant Hills' conduct constitutes negligence.

55. Defendant Hills' negligent conduct was a proximate cause of the crash with Mr. Anders, his injuries and death.

CAUSE OF ACTION AGAINST DEFENDANT GRIND TRUCKING, LLC

56. Plaintiff incorporates by reference paragraphs 10 through 44, above.

57. At all times material to this lawsuit, Defendant Hills was an employee of Defendant Grind.

58. Defendant Hills was acting within the course and scope of his employment with Defendant Grind at the time of the crash in question.

59. Defendants Grind is vicariously liable to Plaintiff for the negligent conduct of Defendant Hills under the theory of *respondeat superior.*

60. Defendant Grind failed to supervise Defendant Hills driving regarding how to avoid intersectional crashes.

61. Defendant Grind failed to reasonably train Defendant Hills regarding how to avoid intersectional crashes.

62. Defendant Grind failed to provide adequate maintenance on the tractor-trailer.

63. Defendant Grind's failure to reasonably supervise or train Defendant Hill constitutes negligence and such negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

CAUSE OF ACTION AGAINST DEFENDANT PENSKE TRUCK LEASING CO., L.P.

64. Plaintiff incorporates by reference paragraphs 10 through 44, above.

65. At all times material to this lawsuit, Defendant Hills was an employee of Defendant Penske.

66. Defendant Hills was acting within the course and scope of his employment with Defendant Penske at the time of the crash in question.

67. Defendants Penske is vicariously liable to Plaintiff for the negligent conduct of Defendant Hills under the theory of *respondeat superior.*

68. Defendant Penske failed to supervise Defendant Hills driving regarding how to avoid intersectional crashes.

69. Defendant Penske failed to reasonably train Defendant Hills regarding how to avoid intersectional crashes.

70. Defendant Penske failed to provide adequate maintenance on the tractor-trailer.

71. Defendant Penske's failure to reasonably supervise or train Defendant Hill constitutes negligence and such negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## TEXAS WRONGFUL DEATH ACT

72. Plaintiff is the natural sone and sole heir to Robert Wayne Anders.

73. Plaintiff is the only statutory wrongful death claimant regarding the death of Robert Wayne Anders pursuant to TEX. CIV. PRAC. & REM. CODE § 71.001 *et seq.*

74. Plaintiff seeks recovery for the actual damages he has suffered as a result of the wrongful death of his father, Robert Wayne Anders.

## DAMAGES

75. As a result of the occurrence made the basis of this lawsuit described in the preceding paragraphs and the negligence of each Defendant, Plaintiff sustained significant injuries and damages in the past and will, in reasonable probability, sustain damages in the future.

76. Plaintiff, as natural child of Robert Wayne Anders, seeks recovery for the monetary value of the all the damages he has suffered and that he will suffer, including pecuniary loss, loss of companionship and society, loss of inheritance, and mental anguish.

77. The damages sought herein are within the jurisdictional limits of the court.

78. Plaintiff seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and demands judgment for all other relief, both in law and in equity, to which Plaintiff may be entitled.

## JURY DEMAND

79. Pursuant to FRCP 38, Plaintiff respectfully demands a jury trial for all issues so triable and tender the appropriate fee if not already tendered.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that each Defendant be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recover damages in accordance with the evidence, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Dated: November 30, 2022

Respectfully submitted,

**PERDUE & KIDD**

By: /s/ Donald H. Kidd
Donald H. Kidd
State Bar No.  11383100
Adam J. Blake
State Bar No.  24101521
777 Post Oak Blvd., Suite 450
Houston, Texas 77056
Tel: (713) 520-2500
Fax: (713) 520-2525
Email:  dkidd@perdueandkidd.com
            ablake@perdueandkidd.com
            eservice@perdueandkidd.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure by the Court's CM/ECF system and by email on November 30, 2022:

| | |
|---|---|
| Adam J. Strange | Via Email: astrange@feesmith.com |
| Michael P. Sharp | msharp@feesmith.com |
| Fee, Smith & Sharp, LLP | |
| Three Galleria Tower | |
| 13155 Noel Rd., Suite 1000 | |
| Dallas, TX  75240 | |

**COUNSEL FOR DEFENDANTS
GRIND TRUCKING, LLC AND
PENSKE TRUCK LEASING CO., L.P.**

　　　　　　　　　　　　　　　　　　　　　　 */s/ Donald H. Kidd*
　　　　　　　　　　　　　　　　　　　　　　　　Donald H. Kidd